513 So.2d 674 (1987)
Robert E. UNGER, et al., Appellants,
v.
PUBLISHER ENTRY SERVICE, INC., et al., Appellees.
No. 86-1946.
District Court of Appeal of Florida, Fifth District.
August 13, 1987.
Rehearing Denied October 5, 1987.
*675 Joseph C. Whitelock, of Zewadski & Whitelock, P.A., St. Petersburg, for appellants.
Kevin J. Carden, of Lawrence D. Johnson & Associates, Orlando, for appellees.
ORFINGER, Judge.
The defendants appeal an order denying their motion to dismiss for lack of jurisdiction. The issue on appeal is whether the defendants may be subjected to in personam jurisdiction under Florida's long-arm statute. We affirm.
In determining whether long-arm jurisdiction is appropriate in a given case, two inquiries must be made. First, it must be determined that the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of the statute; and if it does, the next inquiry is whether sufficient "minimum contacts" are demonstrated to satisfy due process requirements. See Pacific Telephone and Telegraph Co. v. Geist, 505 So.2d 1388 (Fla. 5th DCA 1987); American Vision Center v. National Yellow Pages Directory Services, 500 So.2d 642 (Fla. 2d DCA 1986). By affidavit in support of a motion to dismiss, the defendant may contest the jurisdictional facts on which the complaint is based. The burden then shifts back to the plaintiff to substantiate by affidavits or other competent proof the jurisdictional allegations of the complaint. If the allegations of jurisdictional facts remain undisputed, they must be taken as true for the purpose of resolving the jurisdictional question. Electro Engineering Products Co., Inc. v. Lewis, 352 So.2d 862 (Fla. 1977).
The jurisdictional facts alleged in the complaint here are undisputed. The motion to dismiss merely asserts that the facts as alleged fail to assert a jurisdictional basis for proceeding against the defendants, who are California residents. Therefore, taking the allegations as true, the complaint must first be examined to determine whether sufficient jurisdictional facts have been alleged to bring the action within the ambit of the statute. The complaint alleges, in substance, that the defendants, through a Florida agent, entered into a contract with the plaintiff in Orange County, Florida, whereby the plaintiff, in Florida, would process publication subscription orders for defendants, and submit the processed and typed orders to Publisher's Certified *676 Service; that defendants were to pay for these services in Orange County, Florida where the services were performed; that plaintiff performed the services required of it but that defendants had failed to make payment as agreed.
The complaint clearly alleges the breach of an agreement that payment was to be made in Florida. However, even where there is no such agreement, the legal presumption that a debt is to be paid at the creditor's place of business "is sufficient to satisfy the language of Florida's long-arm provision that refers to contractual acts `required' to be performed in Florida." Kane v. American Bank of Merritt Island, 449 So.2d 974 (Fla. 5th DCA 1984). See also Engineered Storage Systems, Inc. v. National Partitions & Interiors, Inc., 415 So.2d 114 (Fla. 3d DCA 1982); Guritz v. American Motivate, Inc., 386 So.2d 60 (Fla. 2d DCA 1980). The allegations of the complaint are sufficient to bring the action within the ambit of section 48.193(1)(g), Fla. Stat. (1985).[1]
Appellants do not specifically raise the due process issue, but the undisputed allegations of the complaint establish sufficient minimum contacts to pass constitutional muster. To satisfy the minimum contacts test, it is necessary that the defendant's conduct and connection with a foreign state be such that the defendant should reasonably anticipate being hailed into court there. Worldwide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). The defendant must purposefully avail itself of the privilege of conducting activities within the foreign state, thus invoking the benefits and protections of the laws of that state. Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Finally, where a contractual obligation forms the basis of the court's assertion of long-arm jurisdiction, the court must evaluate the parties' prior negotiations and contemplated future consequences, the terms of the contract, and the parties' actual course of dealing to determine whether a defendant purposely established minimum contacts within a forum. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Here, by entering into a contract through its agent in Florida, for services to be performed in Florida, the defendant purposely availed itself of the privilege of conducting activities within Florida, thus invoking the benefits and protections of its law. Surely, the defendants would have sought the protection of Florida law had the plaintiff not performed as promised, or had performed negligently. Under these circumstances, it was reasonably foreseeable that the defendant would be hailed into Florida courts for failing to perform its contractual duties. It is this conduct and connection with Florida, in addition to the contractual obligation to render payments in this state, that establishes the minimum contacts necessary to assume jurisdiction over the defendant. See also Lacy v. Force V. Corp., 403 So.2d 1050 (Fla. 1st DCA 1981). Thus the application of section 48.193 here satisfied the requirements of the due process clause of the Fourteenth Amendment of the United States Constitution.
Neither Pacific Telephone and Telegraph Co. v. Geist, supra, nor National Equipment Leasing, Inc. v. Watkins[2] has any application here. In Pacific Telephone, there were no contacts at all between the defendant and the forum state. Because a contractor who was performing services for Pacific Telephone in California and Nevada happened to assign the payments due to it to a Florida factor, the factor brought suit in Florida. We held there that the fortuitous assignment, over which Pacific Telephone had no control, did *677 not alone establish minimum contacts. Likewise, as discerned from the concurring opinion in National Equipment, the defendant had no contact with Florida. That case involved the leasing of a soft drink machine in Georgia by a Georgia supplier to a Georgia resident, with the supplier arranging his financing through a Florida factor. The defendant lessee had no contact with Florida in the transaction except to make payment there, not through any action of his own doing, but because of the financing arrangements made by the seller. Clearly, the requisite minimum contacts did not exist. Here, it is alleged that the contract was made in Florida, was to be performed in Florida by both parties, and was breached in Florida by the defendants. Thus more than minimum contact is present.
AFFIRMED.
SHARP, J., concurs.
COWART, J., dissents with opinion.
COWART, Judge, dissenting.
An interesting legal question is whether a Florida creditor can perfect a Florida court's jurisdiction over a foreign debtor based on service of process under section 48.193, Florida Statutes, when the complaint alleges that the foreign debtor's failure to pay money to the Florida creditor in Florida breached "a contract in this state by failing to perform acts required by the contract to be performed in this state." (§ 48.193(1)(g), Fla. Stat.). Stated another way: is the failure to pay money in Florida a sufficient "contact" with the state of Florida to permit a Florida court to acquire in personam jurisdiction over a non-resident defendant and enter a valid general money judgment against the non-resident debtor based on service of process under section 48.193(1)(g), Florida Statutes? In National Equipment Leasing, Inc. v. Watkins, 471 So.2d 1369 (Fla. 5th DCA 1985), the trial court dismissed such a case, the Florida creditor appealed, and this court affirmed without opinion. In Pacific Telephone and Telegraph Co. v. Geist, 505 So.2d 1388 (Fla. 5th DCA 1987), a similar case, the trial court denied a motion to dismiss, the non-resident defendant appealed, and this court, consistent with the result in National Equipment, reversed. In this similar case the trial court denied a motion to dismiss, and the non-resident defendant appeals. To be consistent with the result in National Equipment Leasing and Pacific Telephone and Telegraph Co., this case should be reversed.
NOTES
[1] Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts.
* * * * * *
(g) Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.
§ 48.193(1)(g), Fla. Stat. (1985).
[2] 471 So.2d 1369 (Fla. 5th DCA 1985).