540 So.2d 931 (1989)
SDM CORPORATION; TLG, INC.; and Joseph W. Lovoi, Appellants,
v.
KEVCO FINANCIAL CORPORATION, a Florida Corporation, Appellee.
No. 88-02981.
District Court of Appeal of Florida, Second District.
April 5, 1989.
Elihu H. Berman of Krug, Berman & Silverman, P.A., Clearwater, for appellants.
Charles C. Lane of Lau, Lane, Pieper & Asti, P.A., Tampa, for appellee.
PATTERSON, Judge.
This is an appeal from a nonfinal order denying appellants' motion to dismiss for lack of jurisdiction. We reverse and remand.
Appellant TLG, Inc., d/b/a SDM Corporation, is a Massachusetts corporation, and appellant Joseph W. Lovoi is a Massachusetts resident (collectively, "SDM"). SDM's principal place of business is in Massachusetts, and it maintains an office in New Hampshire. SDM has never had an office in Florida, has never advertised in Florida and has never sent any sales representatives to Florida. Appellee, Kevco Financial Corporation, is a Florida corporation with its principal place of business located in Hillsborough County, Florida ("Kevco").
A representative of another Florida corporation, Custom Tooling and Engraving, Inc. ("Custom Tooling"), visited SDM's office in New Hampshire and contracted to supply SDM with materials which Custom Tooling manufactured in Florida. On one occasion, after delays in performance, one of SDM's representatives visited Custom Tooling to get a status report on the progress of the contract. Kevco ultimately purchased Custom Tooling's invoices and telephoned SDM in Massachusetts and New Hampshire to verify the amounts of the invoices and to determine if there were any offsets. SDM failed to make payments due on the contract. Kevco claims that the cause of action for nonpayment accrued in Hillsborough County, Florida, where its principal place of business is located.
In order for personal jurisdiction over a foreign party to be proper, the plaintiff must not only meet Florida's long-arm statute, but also the defendant must have sufficient "minimum contacts" to satisfy due process requirements. American Vision Center, Inc. v. National Yellow Pages Directory Service, Inc., 500 So.2d 642 (Fla. 2d DCA 1986).
*932 The facts presented fail to sustain jurisdiction. SDM, based on its conduct, could not reasonably foresee being haled into a Florida court. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Kevco concedes that failure to make payment alone is insufficient to establish minimum contacts. Kevco's primary argument is that the failure to make payment due in Florida, coupled with Custom Tooling's actions of manufacturing materials in Florida to ship to SDM, constitutes sufficient minimum contacts. An out-of-state party's contract with a Florida resident alone, however, is insufficient to establish minimum contacts. It is necessary for the court to look not only at the contract, but also prior negotiations, contemplated future consequences and the actual course of dealing between the parties. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478-79, 105 S.Ct. 2174, 2185, 85 L.Ed.2d 528, 545 (1985).
SDM and Custom Tooling negotiated and entered into the contract in New Hampshire. Appellants had no control over the assignment of invoices to Kevco and Kevco's subsequent calls inquiring about amounts due on those invoices. Furthermore, SDM did not contemplate, at the time of entering the contract, that it would later be necessary to send a representative to Florida to check on the status of the contract when Custom Tooling fell behind in production. This isolated visit to Florida should not subject SDM to the jurisdiction of the Florida courts.
In Armaly v. Practice Management Associates, Inc., 533 So.2d 920 (Fla. 2d DCA 1988), this court held that there were sufficient minimum contacts to sustain jurisdiction. Unlike the isolated visit to Florida in this case, in Armaly the contract provided that the defendant furnish weekly reports to the plaintiff in its Florida office. In addition, the contract documents contained provisions for Florida jurisdiction and venue and contractual interpretation under Florida law. Kevco does not argue that the terms of the Custom Tooling contract contain similar provisions or that the contract would lead SDM to reasonably anticipate being haled into a Florida court for breach of the contract.
Based on the foregoing, we hold that SDM did not have sufficient minimum contacts with the State of Florida to sustain personal jurisdiction, and we reverse the order denying the motion to dismiss and remand for the lower court to dismiss the action with prejudice.
THREADGILL, A.C.J., and ALTENBERND, J., concur.