PER CURIAM.
We sua sponte consolidate the appeals of the codefendants below, each seeking re *1231 view of the trial court’s order denying the parties’ motions to quash process.
Appellee, a condominium association, brought suit against nonresident corporations, First City Developments Corporation of Boston and First City Financial Corporation, Ltd. of Vancouver, for nonpayment of guarantee and inadequate funding of reserve accounts. Appellee also brought suit against Rand, a nonresident serving as association director and agent of the developer, alleging breach of fiduciary duty and inadequate funding of reserve accounts. The trial court denied appellants’ motions to quash process and exercised long-arm jurisdiction pursuant to section 48.193, Florida Statutes (1987). Appellants contend appellee’s complaints failed to allege sufficient factual bases to subject them to long-arm jurisdiction.
Section 48.193, Florida Statutes, subjects a nonresident to Florida jurisdiction for the following pertinent acts:
48.193 Acts subjecting person to jurisdiction of courts of state.—
(1) Any person, whether or not a citizen or resident of this state, who person-, ally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
(a) Operating, conducting, engaging in or carrying on a business or business venture in this state or having an office or agency in this state.
(b) Committing a tortious act within this state.
A complaint which alleges long-arm jurisdiction by tracking the language of the statute does not require further pleading of facts to support the exercise of jurisdiction unless controverted by a motion to dismiss and supporting documentation tending to evidence the jurisdictional allegations are untrue. See Zneimer v. Zinn, 483 So.2d 879 (Fla. 3d DCA 1986); Fla.R.Civ.P. 1.070(i). In its complaints, appellee tracked the statutory language and alleged that each codefendant “did business in Florida.” The codefendants then filed motions to dismiss supported by memoranda of law. It then became appellee’s burden to prove the jurisdictional allegations controverted by appellants.
The record reflects the trial court stopped the proceedings and ruled on Rand’s motion to dismiss prior to allotting appellee the opportunity to carry its burden. As to the other appellants, appellee’s lengthy affidavits supporting jurisdiction were submitted for the first time at the hearing. Appellants were not given sufficient opportunity to review them or address the conflicting testimony contained therein. Nor did the trial court make a resolution as to this conflicting affidavit testimony.
The trial court’s rulings denying each appellant’s motion to quash process were premature. We therefore reverse and remand with direction to hold further eviden-tiary hearings consistent with this opinion and direct the trial court to Scordilis v. Drobnicki, 443 So.2d 411 (Fla. 4th DCA 1984), for further guidance.
DOWNEY, POLEN and GARRETT, JJ., concur.