638 So.2d 582 (1994)
Mabel V. Waye and Napoleon Waye, her husband, Appellants,
v.
Phillip M. EDDINGS, Esquire; Stephen L. Berry, Esquire; and Eddings and Berry, Attorneys at Law, Appellees.
No. 93-2230.
District Court of Appeal of Florida, First District.
June 20, 1994.
Raymond I. Booth III, Jacksonville, for appellants.
Jack W. Shaw, Jr., and Michael J. Obringer of Osborne, McNatt, Shaw, O'Hara, Brown & Obringer and Robert A. Cole of Cole, Stone & Stoudemire, P.A., Jacksonville, for appellees.
WEBSTER, Judge.
Appellants (plaintiffs in the trial court) seek review of a final order by which appellees *583 (defendants in the trial court) were dismissed on the ground that the trial court lacked personal jurisdiction over them. Because we conclude that the affidavit upon which appellees relied to support their contention that the trial court lacked personal jurisdiction over them was legally insufficient to raise a genuine issue regarding jurisdiction, we reverse.
In Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla. 1989), the court outlined the proper procedure in such cases:
Initially, the plaintiff may seek to obtain jurisdiction over a nonresident defendant by pleading the basis for service in the language of the statute without pleading the supporting facts... . By itself, the filing of a motion to dismiss on grounds of lack of jurisdiction over the person does nothing more than raise the legal sufficiency of the pleadings... . A defendant wishing to contest the allegations of the complaint concerning jurisdiction or to raise a contention of [lack of] minimum contacts must file affidavits in support of his position. The burden is then placed upon the plaintiff to prove by affidavit the basis upon which jurisdiction may be obtained.
(Citations omitted.) Appellants met their initial burden pursuant to this procedure, alleging in their complaint (in the language of the applicable statute) that appellees
operated, conducted, engaged in, or carried on a business or business venture in this state or had an office or agency in this state;
committed a tortious act within this state;
breached a contract in this state by failing to perform acts required by the contract to be performed in this state[; and/or]
caused injury to persons within this state arising out of an act or omission outside of this state by the defendant and, at the time of injury, the defendant was engaged in solicitation or service activities within this state which resulted in such injury.
Appellees responded with motions to dismiss for lack of personal jurisdiction which, pursuant to the Venetian Salami procedure, merely placed in issue the legal sufficiency of appellants' allegations. At that point, the burden shifted to appellees to submit affidavits containing representations which, if true, would be legally sufficient to refute appellants' allegations.
To meet their burden, all of the appellees relied upon the affidavit of appellee Berry. That affidavit consists of only approximately one page of substantive material, in six numbered paragraphs. Our review of the Berry affidavit satisfies us that, accepting as true all of the representations made, it is legally insufficient to refute the allegations regarding jurisdiction made in the complaint. Among other shortcomings, the affidavit fails to address the allegation that appellees "operated, conducted, engaged in, or carried on a business or business venture" in Florida; and the allegation that appellees "committed a tortious act" in Florida.
Having failed to carry their burden of presenting by affidavit representations which, if true, would be legally sufficient to refute the allegations regarding jurisdiction made in the complaint, the burden never shifted to appellants to respond by affidavit in support of their position. Accordingly, the trial court should have denied the motions to dismiss for lack of personal jurisdiction. Because, instead, it granted those motions, we reverse, and remand for further proceedings.
REVERSED and REMANDED.
ALLEN and LAWRENCE, JJ., concur.