650 So.2d 1108 (1995)
WELLESLEY INCOME LIMITED PARTNERSHIP IV, a Massachusetts Limited Partnership by and through its sole general partner Wellesley Leasing Partnership, a Massachusetts general partnership, by and through its general partner, CIS Management Services Corporation, a Massachusetts corporation, Appellant,
v.
GEMINI EQUITIES, INC., a Virginia Corporation, and CIS France, S.A., Appellees.
No. 93-3106.
District Court of Appeal of Florida, Fourth District.
February 23, 1995.
Fred W. Mattlin and Amy G. Singer, Mattlin & McClosky, Boca Raton, for appellant.
Drew M. Levitt and Alex B. Rotbart, Law Offices of Drew M. Levitt, Boca Raton, for appellee CIS France, S.A.
*1109 GUNTHER, Judge.
Appellant, Wellesley Income Limited Partnership IV, plaintiff below (Wellesley), appeals the trial court's order granting Appellee/Defendant CIS France S.A.'s (CIS France) motion to dismiss. We reverse because the trial court failed to rule on Wellesley's alternative argument that personal jurisdiction was conferred over CIS France pursuant to section 48.193(1)(g), Florida Statutes (1991).
Wellesley is a Massachusetts limited partnership authorized to do business in the State of Florida, and was engaged in the business of providing financing for computer leasing. CIS France is a French corporation with its principal place of business in Paris, France. In May 1989, Wellesley entered into a contract with CIS France to provide financing to CIS France for the purchase of two IBM computers. CIS France, in turn, leased these computers to third parties. Pursuant to the contract, CIS France agreed to resell the computers to Wellesley for one French franc at the lease termination date of April 30, 1992. On March 30, 1990, after the date of the contract but before the lease termination date, Defendant Gemini Equities, Inc. (Gemini) entered into a stock purchase agreement wherein Gemini purchased at least ninety plus percent of CIS France's stock. Gemini is a Virginia corporation with officers in Florida, including Boca Raton.
Pursuant to the contract terms, Wellesley, at the end of the lease agreement, tendered one French franc to CIS France in care of Gemini in Boca Raton. Gemini rejected the franc and CIS France never returned the two computers to Wellesley.
Thereafter, Wellesley filed a three count amended complaint which contained one count for breach of contract against CIS France. For jurisdictional purposes, Wellesley alleged:
Gemini Equities ... directed its wholly owned subsidiary, CIS France, to breach an agreement with Wellesley in this state [Florida];
CIS France is owned and controlled by Gemini Equities, a Virginia Corporation doing business in the State of Florida in Palm Beach County;
two of its [CIS France] three directors are citizens of Florida and residents of Palm Beach County;
CIS submits regular financial information to Gemini Equities in Palm Beach County, Florida;
all major decisions of the business of CIS France are made by residents of Palm Beach County, Florida;
profits and losses of CIS France are accounted for in Palm Beach County, Florida; and
CIS France is the alter ego, and mere instrumentality of Gemini Equities, with its principal place of business in Palm Beach County, Florida.
Subsequently, CIS France filed a motion to dismiss for lack of personal jurisdiction. To support its motion, CIS France filed the affidavit and deposition of Philip McKnight, a director of CIS France. The affidavit asserts that CIS France does not operate, conduct, engage in, or carry on any business in Florida, nor does CIS France have an office in Florida. Furthermore, the affidavit insists that CIS France does not use, possess or own any real property within Florida nor does it solicit business in Florida. Wellesley, in opposition, filed the affidavit of Robert M. Fraser, Wellesley's attorney at the time of the lease termination date, which stated:
I learned that CIS France, by and through its parent corporation, Gemini Equities, rejected Wellesley's tender of one (1) French franc to repurchase the IBM equipment. This rejection occurred in Palm Beach County, Florida and constitutes a breach in Palm Beach County, Florida by CIS France of its contract with Wellesley.
Ultimately, the trial court granted CIS France's motion to dismiss reasoning that Wellesley had failed to allege sufficient facts concerning CIS France's business activities to bring the action within the ambit of Florida's long arm statute. However, in its ruling, the trial court failed to dispose of Wellesley's other argument that personal jurisdiction could be conferred over CIS *1110 France based upon a breach of contract in Florida.
Florida's long arm statute is found at section 48.193, Florida Statutes (1991). This statute enumerates certain acts which will subject defendants to jurisdiction in Florida courts, two of which are applicable in the instant case:
Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself ... to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
(a) operating, conducting, engaging in, or carrying on a business or business venture in this state, or having any officer or agency in this state.
(g) breaching a contract in this state by failing to be perform acts required by the contract to be performed in this state.
§§ 48.193(1)(a), 48.193(1)(g) Fla. Stat. (1991). The appropriate two step inquiry for resolving questions concerning personal jurisdiction is set out in the supreme court's opinion of Venetian Salami Co. v. J.S. Parthenais, 554 So.2d 499 (Fla. 1989). First, the trial court must determine whether Wellesley has alleged sufficient jurisdictional facts to bring the action within the ambit of the long arm statute. Id. at 502. Assuming Wellesley has alleged sufficient facts to bring the action within the ambit of the long arm statute, the trial court must then determine whether the defendant has sufficient minimum contacts with Florida to satisfy federal due process requirements. Id.
By itself, the filing of a motion to dismiss on grounds of lack of personal jurisdiction over the person does nothing more than raise the legal sufficiency of the pleadings. Elmex Corp. v. Atlantic Fed. Savings & Loan Ass'n, 325 So.2d 58 (Fla. 1st DCA 1976). A defendant wishing to contest the allegations of the complaint or wishing to raise a contention of lack of minimum contacts must file supporting affidavits. Venetian Salami Co., 554 So.2d at 502. The burden then shifts to the plaintiff to prove by affidavit the basis upon which jurisdiction may be obtained. Id. If the essential facts stated in the parties' affidavits are not conflicting, the trial court can resolve the legal issue on the basis of the affidavits. Id. If, however, the essential facts are shown to be in direct conflict, the trial court must hold an evidentiary hearing to resolve all disputed facts essential to determining the jurisdictional issue. Id.
From the face of Wellesley's amended complaint, it is evident that Wellesley attempted to procure jurisdiction over CIS France by alleging two separate and distinct acts contained in the long arm statute. First, Wellesley attempted to establish jurisdiction by alleging that CIS France was engaging or carrying on business in Florida. See § 48.193(1)(a), Fla. Stat. (1991). Second, Wellesley attempted to procure jurisdiction by alleging that CIS France breached a contract which was to be performed in this state. See § 48.193(1)(g), Fla. Stat. (1991). The affidavit filed by CIS Frances in support of its motion to dismiss does not directly address Wellesley's breach of contract allegations that the tender of the one franc and the subsequent return of the IBM computers was to occur within Florida. Likewise, the trial court never ruled on this issue. Thus, we conclude that CIS France's motion to dismiss should not have been granted until the trial court determined whether personal jurisdiction was obtained pursuant to section 48.193(1)(g).
Accordingly, this case is reversed and remanded with directions to the trial court to utilize the procedure set forth in Venetian Salami Co. and determine whether personal jurisdiction was procured by Wellesley's allegations that CIS France breached a contract which was to be performed in Florida.
REVERSED AND REMANDED.
HERSEY and WARNER, JJ., concur.