652 So.2d 424 (1995)
Linda A. LAMPE, individually, and as Trustee of the R.E. Hoyne and Julia M. Hoyne Trust under Agreement dated August 26, 1976, as amended, Appellants,
v.
Diane HOYNE, Appellee.
No. 94-01794.
District Court of Appeal of Florida, Second District.
March 15, 1995.
*425 Angela M. Adams and Wm. Fletcher Belcher of Law Offices of Wm. Fletcher Belcher, St. Petersburg, for appellants.
Robert J. McDermott of McDermott & Sasso, P.A., Largo, for appellee.
BLUE, Judge.
Linda Lampe, individually and as trustee of the R.E. Hoyne and Julia M. Hoyne Trust, appeals a nonfinal order denying her motion to quash and dismiss. Lampe argues that Diane Hoyne failed to follow the procedure for determining jurisdiction and that Lampe did not have sufficient contacts within Florida to support long-arm jurisdiction. Because we have concluded that the jurisdictional grounds and supporting facts were not alleged in the complaint, shown by Lampe's affidavit, or asserted by Hoyne in an opposing affidavit, we reverse.

FACTS
R.E. Hoyne and his first wife, Julia, established a trust. The couple resided in Florida and the trust agreement was executed in Florida in 1976. The sixth amendment to the trust agreement was executed in Florida in 1985 and completely replaced the original agreement. Sometime after Julia Hoyne died, her niece, Linda Lampe, became a successor trustee. Lampe resided in Kansas. At the age of approximately 92 years, R.E. Hoyne married his second wife, Diane Hoyne. R.E. Hoyne died within approximately six months and Diane Hoyne began probate of his estate.
Hoyne filed a three-count complaint against Lampe, individually and as trustee, alleging breach of trust, unjust enrichment and for declaratory relief under chapters 86 and 737, Florida Statutes (1993). Lampe, individually and as trustee, filed a motion to quash and dismiss. In her complaint, Hoyne alleged jurisdiction under chapter 48, Florida Statutes (1993), even though Lampe was a resident of Kansas because Lampe, "individually and as trustee, engaged in a substantial and not isolated activity within the State of Florida." When she filed her motion to quash, Lampe also filed an affidavit challenging the court's jurisdiction. Lampe asserted that Kansas was the principal place of trust administration, that only two assets had remained in Florida after she began acting as successor trustee and these were removed from Florida after R.E. Hoyne's death, and that she conducted only two brokerage transactions in the Florida account and these were accomplished over the phone while she remained in Kansas. Further, Lampe asserted that she made several trips to Florida to check on her uncle and to attend his funeral.
Hoyne set the motion to quash for hearing without filing a counter-affidavit. Although the complaint alleged that long-arm jurisdiction was based on substantial and not isolated activity within Florida, tracking the language of section 48.193(2), the trial court denied the motion based on its conclusion that the situs of the trust was Florida. The court's order denied the motion to quash without distinguishing between Lampe's individual versus trustee capacities.

PROCEDURE TO DETERMINE JURISDICTION
The supreme court has established the following procedure to resolve disputes concerning long-arm jurisdiction.
Initially, the plaintiff may seek to obtain jurisdiction over a nonresident defendant by pleading the basis for service in the *426 language of the statute without pleading the supporting facts. Fla.R.Civ.P. 1.070(i) [now found at 1.070(h)]. By itself, the filing of a motion to dismiss on grounds of lack of jurisdiction over the person does nothing more than raise the legal sufficiency of the pleadings. A defendant wishing to contest the allegations of the complaint concerning jurisdiction or to raise a contention of minimum contacts must file affidavits in support of his position. The burden is then placed upon the plaintiff to prove by affidavit the basis upon which jurisdiction may be obtained.
Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla. 1989) (citations omitted). A plaintiff may be excused from the requirement of filing an opposing affidavit when the nonresident defendant's affidavit does not sufficiently refute the jurisdictional allegations; in such a case, the burden never shifts back to the plaintiff. Waye v. Eddings, 638 So.2d 582 (Fla. 1st DCA 1994).
In this case, Lampe filed an affidavit challenging the factual basis for jurisdiction. Hoyne failed to submit an opposing affidavit and asserted that her burden was met by Lampe's affidavit.

JURISDICTION OVER LAMPE AS TRUSTEE
The trial court found that it had jurisdiction under Saffan v. Saffan, 588 So.2d 684 (Fla. 3d DCA 1991), because the situs of the trust was Florida. The facts supporting this view are absent from Lampe's affidavit, especially the critical fact that the trust was executed in Florida. Hoyne admitted below that this fact could only be established by the trust agreement and subsequent amendments, all of which were attached to the complaint. But because they did not appear on the face of Lampe's affidavit, Hoyne was not excused from her burden of proof and should have filed a counter-affidavit with the necessary allegations. We do not find this omission insignificant because this jurisdictional basis, situs of the trust, was not alleged in the complaint. Instead of asserting jurisdiction over Lampe as trustee because the trust situs was in Florida, the complaint alleged jurisdiction because of Lampe's substantial and not isolated activities within the state. Therefore, we reverse and direct the trial court to quash service on Lampe as trustee.

JURISDICTION OVER LAMPE INDIVIDUALLY
For similar reasons, we reverse the determination of jurisdiction over Lampe individually. Again, Hoyne did not file a counter-affidavit, instead relying on Lampe's affidavit. The only allegations that even remotely support jurisdiction would be Lampe's admission that she made several trips to Florida over approximately three-and-a-half years to check on her uncle and attend his funeral. Without more, these trips do not establish long-arm jurisdiction. See Price v. Point Marine, Inc., 610 So.2d 1339 (Fla. 1st DCA 1992) (holding that sporadic visits do not constitute substantial activity). Furthermore, these visits were not the reasons argued by Hoyne. Hoyne contended that jurisdiction existed under section 48.193(4) because Lampe sought affirmative relief in the probate proceedings. This basis was raised for the first time during the hearing. It was not alleged in the complaint, established by Lampe's affidavit, or asserted in an opposing affidavit by Hoyne. Accordingly, we direct the trial court to quash service on Lampe individually.

CONCLUSION
At the hearing, Lampe challenged the statutory basis for jurisdiction asserted by Hoyne and argued that there were not sufficient minimum contacts to support long-arm jurisdiction. Lampe also argued that she was unfairly surprised because the issues forming the basis for the trial court's ruling were not framed by the pleadings or shown by any affidavit. Because we agree that jurisdiction was not properly alleged or proven, we reverse and remand for further proceedings consistent with this opinion.
RYDER, A.C.J., and FULMER, J., concur.