673 So.2d 493 (1996)
AMERICAN FIRE & MARINE INSURANCE COMPANY, LTD., Appellant,
v.
Patricia EISING, and Marine Marketing Services, Inc., Appellees.
No. 95-3556.
District Court of Appeal of Florida, Fourth District.
April 3, 1996.
Rehearing Denied June 3, 1996.
Scott L. Pestcoe of Berger & Davis, P.A., Fort Lauderdale, for appellant.
Denise V. Powers of Denise V. Powers, P.A., Coral Gables, for Appellee-Patricia Eising.
GLICKSTEIN, Judge.
We write again to remind counsel that an affidavit is more than an acknowledgment. In the former, one swears to the truth of what is stated; in the latter, one acknowledges execution for the purposes expressed, e.g., a deed or mortgage.
In this case, appellee obtained a judgment against appellant's insured for injuries sustained in a boating accident. She then filed a separate suit against the appellant for bad faith.
Plaintiff's complaint alleges that the appellant is a foreign insurance carrier not authorized to do business in the state of Florida, but that it did engage in insurance business in Florida when it issued an insurance policy to its insured, a Florida resident, and delivered the policy to the insured in Florida. Plaintiff served the complaint on the Insurance Commissioner, pursuant to the Unauthorized Insurers Process Law, sections 626.904-.912, Florida Statutes (1995). Attached to the complaint was a copy of the policy, which shows a Florida address for the insured.
Appellant filed a motion to quash along with a purported affidavit of appellant's manager, which was nothing more than an unsworn acknowledgement before a U.S. Vice-Counsel in Dublin, Ireland. Accordingly, its unsworn assertion that the insurer did not deliver the policy in Florida proves nothing.
Appellant having failed to produce a record of the hearing on its motion, we are left with an unrefuted, albeit unsworn, complaint. *494 Substitute service on Florida's Insurance Commissioner is permitted under the Unauthorized Insurers Process Law where a foreign insurer has "by mail or otherwise" issued and delivered a contract of insurance to a resident of Florida. § 626.906, Fla.Stat. (1995). Accordingly, we affirm.
WARNER and FARMER, JJ., concur.