STEVENSON, Judge.
The appellants, Unc, Inc. (“Unc”), a Delaware corporation and Unc Ardco, Inc. (“Unc Ardeo”), a separately-incorporated subsidiary of Unc, appeal a non-final order denying Unc’s motion to dismiss for lack of personal jurisdiction. We reverse as to appellant Unc because the plaintiff failed to adequately respond to Unc’s denial of her jurisdictional allegations. We affirm as to appellant Unc Ardco because Unc Ardco did not challenge the plaintiffs jurisdictional allegations.
Evelyn Luekner, the plaintiff below, sued Unc and Unc Ardco under Florida’s Whistle-blower’s Act, sections 448.101-.102, Florida Statutes (1993), alleging that she was terminated from her employment with Unc “and/ or” Unc Ardeo in retaliation for having reported to Unc certain unlawful business practices by Unc Ardco. The tri.al court denied Unc’s motion to dismiss the second amended complaint for lack of personal jurisdiction.
JURISDICTION OVER UNC, INC.
The second amended complaint alleges that Unc is subject to suit in Florida on two separate grounds under Florida’s Long-Arm Statute: (1) Unc allegedly conducts business in Florida; and (2) it allegedly committed a tortious act in Florida; specifically, it sent its Human Resources Director to Florida to wrongfully terminate the plaintiff. See § 48.193(l)(a), (b), Fla.Stat. (1993). In compliance with the procedure laid out in Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989), Unc filed an affidavit disputing these jurisdictional allegations. In particular, the affidavit of Unc’s Vice President, Richard H. Lange, denied that Unc does any business in Florida or that it had employed the plaintiff.
Once Unc had properly disputed the plaintiffs allegations, the burden shifted back to the plaintiff to assert, by affidavit, the basis for personal jurisdiction. Id.; Votaw v. Watkins, 660 So.2d 1171, 1172 (Fla. 4th DCA 1995). The plaintiffs presentation to the trial court of two unauthenticated paychecks purportedly issued from Unc to the plaintiff was insufficient to meet this burden. Therefore, the trial court erred in denying Unc’s motion to dismiss. See Votaw, 660 So.2d at 1172.
JURISDICTION OVER UNC ARDCO, INC.
Unlike Unc, Unc Ardco did not move below to dismiss for lack of personal jurisdic *31 tion. Nor did the affidavit of Unc’s Vice President deny Unc Ardeo’s alleged employer-employee relationship with the plaintiff or its demotion and later termination of her. Consequently, the affidavit in support of the motion to dismiss rebuts only the allegation that Unc was the plaintiffs employer, leaving-intact the allegation that she worked for Unc Ardeo. Unc Ardeo has, therefore, failed to carry its burden of refuting the plaintiffs jurisdictional allegations. See Waye v. Eddings, 638 So.2d 582 (Fla. 1st DCA 1994). Accordingly, the trial court correctly denied the motion to dismiss the complaint as to appellant Unc Ardeo. See id.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED with direction that the motion to dismiss be granted as to appellant, Unc, Inc.
POLEN and SHAHOOD, JJ., concur.