695 So.2d 838 (1997)
WASHINGTON CAPITAL CORPORATION and Jack Wolgin, Appellants,
v.
MILANDCO, LTD., INC., Appellee.
No. 96-2603.
District Court of Appeal of Florida, Fourth District.
June 18, 1997.
*839 Marshall J. Osofsky of Lewis, Vegosen, Rosenbach & Silber, P.A., West Palm Beach, for appellants.
Robert M. Weinberger of Cohen, Chernay, Norris, Weinberger & Harris, North Palm Beach, for appellee.
PARIENTE, Judge.
Appellants, Washington Capital Corporation (WCC) and Jack Wolgin (collectively, defendants), challenge the trial court's non-final order denying their motion to dismiss for lack of personal jurisdiction. We reverse because appellee, Milandco (plaintiff), did not meet its burden of establishing long-arm jurisdiction pursuant to section 48.193, Florida Statutes (1995).
*840 Plaintiff claimed that WCC, a Pennsylvania financing company, agreed to lend it $21,000,000, an amount sufficient to fund plaintiff's purchase and development of property in Palm Beach County, Florida. As security for the loan, WCC was to take back a mortgage on the property. Plaintiff alleged that when WCC failed to provide the loan as agreed, plaintiff was forced to default on the purchase of the property.
In its three-count amended complaint, plaintiff alleged two counts of breach of contract against WCC and a third count of breach of fiduciary duty against Wolgin, as a principal of WCC. The breach of fiduciary duty count was based on claims that instead of making the loan to plaintiff, Wolgin offered to purchase plaintiff's position in the contract and thus acquire the Florida property for his own profit.
In the amended complaint, plaintiff did not set forth the statutory basis for long-arm jurisdiction. However, plaintiff did allege that WCC was a Pennsylvania corporation with its principal place of business in Pennsylvania and that Wolgin resided in Pennsylvania. Of significance for purposes of long-arm jurisdiction, plaintiff alleged that "all undertakings of WCC which was [sic] required of WCC by the agreements between itself and Plaintiff, with the exception of WCC's execution of the agreement attached hereto as Exhibit B, were undertakings which WCC was required to perform within the State of Florida." (Emphasis supplied).
Defendants filed a combined motion to quash service or to dismiss for lack of jurisdiction.[1] Wolgin filed two affidavits on his own behalf and on behalf of WCC, one addressing long-arm jurisdiction and one addressing service of process. As to the issue of long-arm jurisdiction, the affidavit contained statements controverting the jurisdictional allegations of the complaint:
WASHINGTON CAPITAL CORPORATION discussed the possibility of entering into a financing arrangement with the plaintiff, but the discussions regarding the possible terms took place in Pennsylvania and no agreement to finance was ever reached. Minor details regarding the possible deal were discussed in telephone conversations and correspondence between WASHINGTON CAPITAL CORPORATION and the Plaintiff in Pennsylvania and Florida.
* * * * * *
If a financing arrangement had been reached with the Plaintiff, this transaction, as is the usual course of WASHINGTON CAPITAL CORPORATION, would have been required to close in Pennsylvania at the offices of WASHINGTON CAPITAL CORPORATION and not in the state of Florida.
Plaintiff did not controvert any of the allegations in defendants' affidavit by its own sworn affidavit, and the trial court did not conduct an evidentiary hearing. In denying the motion to dismiss, the trial court observed that the property was in Florida, some of the negotiations took place in Florida, and defendants came to Florida to inspect the property. Although the alleged loan commitment was made in Pennsylvania, it was communicated to plaintiff in Florida. The trial court found that these facts constituted "enough sufficient contacts."
Determining the propriety of plaintiff's exercise of long-arm jurisdiction in Florida is a two-step inquiry as set forth in Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989). See also Doe v. Thompson, 620 So.2d 1004 (Fla.1993). The initial inquiry is whether the plaintiff has established sufficient jurisdictional facts to subject the defendant to Florida's long-arm jurisdiction. Doe, 620 So.2d at 1004; Venetian Salami, 554 So.2d at 502. Only after the plaintiff satisfies this burden must the second step of the Venetian Salami inquiry *841 be addressedi.e., whether the defendant possesses sufficient minimum contacts to satisfy constitutional due process requirements. Venetian Salami, 554 So.2d at 500.
Venetian Salami establishes the specific procedures to be followed by litigants and the trial court when the issue of personal jurisdiction has been raised. Plaintiff bears the initial burden of pleading the basis for service under the long-arm statute. Id. at 502. The plaintiff may allege the basis for service either by utilizing the language of the statute without pleading supporting facts, see Fla. R. Civ. P. 1.070(i); Venetian Salami, 554 So.2d at 502, or by alleging specific facts demonstrating that the defendant's actions fit within one or more of the subsections of section 48.193, Florida's long-arm statute.
If the allegations of the complaint are sufficient to establish Florida's long-arm jurisdiction, the burden shifts to the defendant to contest jurisdiction by a legally sufficient affidavit or other similar sworn proof contesting the essential jurisdictional facts. Id.; Wellesley Income Ltd. Partnership IV v. Gemini Equities, Inc., 650 So.2d 1108, 1110 (Fla. 4th DCA 1995); Tobacco Merchants Assoc. v. Broin, 657 So.2d 939, 941 (Fla. 3d DCA 1995). The burden then returns to the plaintiff who must, by affidavit or other sworn statement, refute the proof in the defendant's affidavit. Venetian Salami, 554 So.2d at 502; Unc Ardco, Inc. v. Luckner, 685 So.2d 29 (Fla. 4th DCA 1996); Gemini Equities, 650 So.2d at 1110. The failure of a plaintiff to refute the allegations of the defendant's affidavit requires that a motion to dismiss be granted, provided that the defendant's affidavit properly contested the basis for long-arm jurisdiction by legally sufficient facts. Venetian Salami, 554 So.2d at 502; Unc Ardco, 685 So.2d at 30; Lampe v. Hoyne, 652 So.2d 424, 425 (Fla. 2d DCA 1995); Tobacco Merchants, 657 So.2d at 941 n. 4; Unger v. Publisher Entry Serv., Inc., 513 So.2d 674, 675 (Fla. 5th DCA 1987).
If there is no conflict between the parties' affidavits as to the essential jurisdictional facts, the trial court can resolve the issue of jurisdiction on the basis of the affidavits. Venetian Salami, 554 So.2d at 502; Gemini Equities, 650 So.2d at 1110. If any essential facts relating to jurisdiction are in conflict, then the trial court must conduct a limited evidentiary hearing to resolve the disputed facts. Venetian Salami, 554 So.2d at 503; Gemini Equities, 650 So.2d at 1110; Core Indus., Inc. v. Agostinelli, 591 So.2d 207 (Fla. 4th DCA 1991).
WCC and Wolgin argue that neither step of the Venetian Salami inquiry has been satisfied in this case. They assert that plaintiff has neither met its burden of proving that defendants are subject to this state's long-arm jurisdiction pursuant to section 48.193 nor demonstrated that subjecting defendants to Florida's long-arm jurisdiction would comport with due process requirements.
We first examine the statutory bases that plaintiff claims subject WCC and Wolgin to Florida's long-arm jurisdiction. As to defendant WCC, plaintiff relies on subsection 48.193(1)(g), which provides in pertinent part that a defendant is subject to long-arm jurisdiction if defendant breaches "a contract in this state by failing to perform acts required by the contract to be performed in this state." § 48.193(1)(g), Fla. Stat. (1995) (emphasis supplied.)
It is not enough that a foreign defendant merely contract with a Florida resident. See McRae v. J.D./M.D., Inc., 511 So.2d 540, 543 (Fla.1987); SDM Corp. v. Kevco Fin. Corp., 540 So.2d 931 (Fla. 2d DCA 1989). In order to establish long-arm jurisdiction under subsection 48.193(1)(g), a plaintiff must establish that the "defendant failed to perform an act or acts whose performance was to be in Florida and that such breach formed the basis for the cause of action for which relief is sought by the plaintiff." Cosmopolitan Health Spa, Inc. v. Health Indus., Inc., 362 So.2d 367, 368 (Fla. 4th DCA 1978).
For example, in Cronin v. Washington National Insurance Co., 980 F.2d 663 (11th Cir.1993), the plaintiff alleged that the defendant entered into an oral contract with the plaintiff to provide health insurance coverage in Florida to a woman hospitalized in Florida. The eleventh circuit found that because the failure to provide insurance coverage would *842 have been a breach of the defendant's obligation to perform acts in Florida, the statutory requirements of subsection 48.193(1)(g) were satisfied.[2] In Unger, allegations of the breach of an agreement to make payment in Florida were sufficient to comport with the statutory requirements of subsection 48.193(1)(g). 513 So.2d at 676.[3] In Harris v. Caribank, 536 So.2d 394 (Fla. 4th DCA 1989), the fact that payment on a guaranty agreement was to be to a Florida bank was sufficient to support long-arm jurisdiction under subsection 48.193(1)(g).
In its amended complaint, plaintiff did not plead the statutory basis for service. See Venetian Salami, 554 So.2d at 502. The amended complaint, however, did plead a breach of contract to lend money for the purchase of property in Florida. Plaintiff alleged generally in its amended complaint that all undertakings were to be performed in Florida, although it did not specify where payment was to take place.
Plaintiff contends that the burden under the first step of Venetian Salami did not shift back to it because defendants never controverted the essential allegations of its complaint. We disagree. Even though defendants did not contest that the purpose of a loan would have been for the purchase and improvement of Florida real estate, defendants did contest the very fact that it had entered into a contract with plaintiff. See id. at 503. Defendants further denied that any agreement between WCC and plaintiff would have required any performance of acts by WCC in Florida. See id. WCC alleged that if an agreement had been reached, the closing on the loan would have taken place in Pennsylvania.
Plaintiff failed to controvert defendants' version of the essential jurisdictional facts, including the assertion that none of defendants' obligations under the alleged contract were to take place in Florida. The letters attached to the amended complaint do not suffice because the amended complaint was unsworn and because, standing alone, the letters do not answer the question of whether any alleged contract would have required WCC to perform acts in Florida.
Other contacts that WCC and Wolgin may have had with Florida, such as inspecting the property, while relevant to due process considerations under the second Venetian Salami step, do not establish the essential jurisdictional facts required for compliance with subsection 48.193(1)(g). Plaintiff's failure to establish compliance with subsection 48.193(1)(g), the subsection upon which it relied as to WCC, required the granting of the motion to dismiss as to WCC. See Venetian Salami; Unc Ardco, 685 So.2d at 30; cf. Tallmadge v. Mortgage Fin. Group, Inc., 625 So.2d 1313 (Fla. 4th DCA 1993).
As to Wolgin, plaintiff argues that Wolgin was subject to Florida's long-arm jurisdiction pursuant to subsection 48.193(1)(f)1. Subsection 48.193(1)(f)1 states in pertinent part that a defendant causing injury to persons or property within Florida may be subject to long-arm jurisdiction if, at the time of the injury, the defendant was engaged in solicitation or service activities within this state.[4] However, there were no allegations in the amended complaint to support jurisdiction under this subsection, even assuming that the facts alleged stated a cause of action for breach of fiduciary duty. Thus, the burden never shifted to Wolgin to controvert the allegations. Nevertheless, Wolgin, in his affidavit, specifically denied engaging in solicitation activities within this state, a prerequisite for the invocation of subsection 48.193(1)(f)1. Plaintiff never controverted that assertion.
*843 Further, plaintiff's reliance on subsection 48.193(1)(f) is misplaced. Our supreme court has held that subsection 48.193(1)(f) contemplates personal injury or physical damages and does not apply to economic damages within the state. See Aetna Life and Cas. Co. v. Therm-O-Disc, Inc., 511 So.2d 992 (Fla.1987).
The trial court in this case addressed only the issue of minimum contacts and never focused on the first step of the Venetian Salami inquirythe statutory basis for long-arm jurisdiction. Because we find that plaintiff never satisfied the first step of Venetian Salami as to either defendant, we reverse the order denying defendants' motion to dismiss for lack of personal jurisdiction.
REVERSED.
GUNTHER, C.J., and WARNER, J., concur.
NOTES
[1] In a prior appeal from the trial court's order denying the motion to quash, we reversed. See Washington Capital Corp. v. Milandco, Ltd., 665 So.2d 375 (Fla. 4th DCA 1996). The order denying the motion to dismiss for lack of jurisdiction was not entered until months after our opinion in Milandco. We have no idea why all related jurisdictional issues were not heard at the same time, and in particular why the motion to dismiss was not addressed either at the same time or prior to hearing the motion to quash. Certainly, for appellate purposes, it would have been far more efficient to address all jurisdictional issues at the same time rather than seriatim.
[2] These facts would also presumably fall within subsection 48.193(1)(d) as "contracting to insure any person, property, or risk located within this state at the time of contracting." § 48.193(1)(d), Fla. Stat. (1995).
[3] The mere failure to pay money in Florida, standing alone, however, would probably not establish sufficient minimum contacts to pass constitutional muster under the second step of the Venetian Salami inquiry. See Venetian Salami Co. v. Parthenais, 554 So.2d 499, 503 (Fla.1989); SDM Corp. v. Kevco Fin. Corp.; 540 So.2d 931, 932 (Fla. 2d DCA 1989). More is required. See Harris v. Caribank, 536 So.2d 394 (Fla. 4th DCA 1989).
[4] Plaintiff is not arguing that Wolgin committed a tortious act within this state; thus, subsection 48.193(1)(g) is not applicable.