GROSS, Judge.
We affirm the order denying appellant’s motion to dismiss the amended complaint for lack of personal and subject matter jurisdiction.
In the amended complaint, Haim Polani sued Eli Ben-Aziz for rescission of a contract. The pleading alleged that Ben-Aziz, a resident of both the United States and Israel, owned a residence in Dade County, Florida; that Ben-Aziz and Polani had operated and managed a Florida corporation, P.D. International, Inc. from its inception; that the corporation engaged in the construction of residences in Broward County and owned property there; that Ben-Aziz was the president of the corporation and Polani was the vice president; and that in early 1995, the parties had two meetings in Broward County in connection with winding up their joint ownership of the corporation, at which the terms of an agreement were worked out. The amended complaint stated that the parties entered into a written contract by which appellee agreed to pay appellant $145,000 for his one-half interest in the corporation and that the only asset of the corporation was the obligation of another builder to pay for real property under a contingency sales contract. The pleading contended that a written agreement was signed in May, 1995, in Israel as a convenience to the parties.
Appellant moved to dismiss the amended complaint. In support of the motion, he filed a document titled “Affidavit.” In it, appellant declared, under penalties of punishment under the Israeli Penal Code, that he had been a resident of Israel for the last six years, that he was not a resident of Florida, that the agreement between himself and Po-lani was signed in Israel, and all performance of it was to take place in Israel or in any place appellant designated.
After a hearing, the trial court denied appellant’s motion to dismiss, giving him twenty days to answer the amended complaint.
We first note that the affidavit is deficient, for failure to comply with section 92.50(3), Florida Statutes (1997). That section authorizes affidavits to be taken in a foreign country by or before “any judge or justice of a court of last resort, any notary public of such foreign country, any minister, consul general, charge d’affaires, or consul of the United States resident in such country.” The statute also requires that the “jurat, or certificate of proof or acknowledgment” be authenticated by the “signature and official seal of the officer or person taking or administering same. ” Id. Appellant made his affidavit before “Mr. Moshe Shporen, Esq.,” whose official seal identifies him as
"fTpiy1 Advocate."
A lawyer or advocate is not one of the officials designated by the statute to administer oaths and take affidavits in a foreign country. A notary public in Israel must be an Israeli citizen who has practiced as an advocate in Israel for 15 years or for only 10 years under certain circumstances. See Martindale-Hub-bell Israel Law Digest at ISR-11 (1997). Thus, it appears that being an advocate in Israel does not automatically confer the status of notary public. The affidavit was not properly authenticated under section 92.50(3), because it does not contain the official seal of an officer authorized by the statute to take an affidavit. It was therefore insufficient to challenge jurisdiction under the procedure set forth in Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989). See American Fire & Marine Ins. Co. v. Eising, 673 So.2d 493 (Fla. 4th DCA 1996).
Even accepting the affidavit, appellant has failed to refute the allegations in the amended complaint that he operated, conducted, engaged in, or carried on a “business or business venture in this state” within the meaning of section 48.193(1)(a), Florida Statues (1997). See Rand v. Hallmark of Hollywood Condominium Ass’n, 555 So.2d 1230, 1231 (Fla. 4th DCA 1989); Windels, Marx, Davies & Ives v. Solitron Devices, Inc., 510 So.2d 1177, 1179 (Fla. 4th DCA 1987); Waye *127 v. Eddings, 638 So.2d 582 (Fla. 1st DCA 1994).
AFFIRMED.
GUNTHER and FARMER, JJ., concur.