SHAHOOD, J.
This is an appeal from a non-final order denying appellants, GeoStar Corporation, a Delaware Corporation and Thomas Robinson’s motion to dismiss for lack of personal jurisdiction. Because appellees, plaintiffs below did not meet their burden of establishing long-arm jurisdiction pursuant to section 48.193, Florida Statutes, we reverse.
In December of 1998, Harris L. Wein-stein, Jupiter Executive Consultants, Inc., a Florida corporation, and Crusader’s Corporation of Delaware, Inc., a Delaware cor *740 poration, hereafter referred to collectively as “Weinstein,” sued Petro 7, Inc., a Kentucky corporation, Hayden Energy Resources, Inc., a Tennessee corporation, Phillip G. Hayden, Tony Ferguson, Thomas Robinson, and GeoStar Corporation, a Delaware corporation, for specific performance and other relief in Palm Beach County Circuit Court.
The case arose out of alleged noncompliance with an agreement, entered into in May 1996, between the parties, that was supposed to settle a dispute regarding rights and interests in certain oil and gas drilling activities in Kentucky. The agreement states that Thomas Robinson was made a party to the agreement solely for purposes of paragraphs D, E, F, and G of the agreement. ■
Paragraphs D, E, F and G set forth obligations of Ferguson and Robinson to deliver to Weinstein a stated quantity of shares in GeoStar, a corporation to be formed to acquire, develop, drill and produce oil and gas from stated projects. Ferguson and Robinson were to get GeoS-tar listed as soon as possible; were not to usurp any corporate opportunities of GeoStar, or set up a competing firm. They were also to deliver to Weinstein all drafts and final versions of private placement memoranda, prospectuses, financial statements and any and all other information concerning GeoStar that was made available to any of the initial investors in the company. Further provisions of paragraphs D through G concerned stock options to which Weinstein would be entitled at the initial offering price, and adjustments in the number of shares in the event the stock fluctuated above and below $5.00. Paragraph G required Ferguson and Robinson to provide to Weinstein an appropriate corporate resolution respecting authorization by the directors or stockholders of the issuance of the shares Weinstein was entitled to and the option called for in the agreement.
Paragraph L of the agreement provided that the agreement and release and the transactions contemplated thereby were to be construed in accordance with Florida law, and any dispute concerning the terms of the agreement would be litigated in Palm Beach County, Florida.
The individuals Harris L. Weinstein, Tony Ferguson and Philip G. Hayden all signed the agreement separately for themselves as individuals as well as on behalf of the corporations of which they were respectively the presidents. Thomas Robinson signed only as president of GeoStar Corporation.
Thomas Robinson and GeoStar Corporation are named as defendants in only one of the three counts of the complaint, count three (3), seeking specific performance; and there GeoStar (or Robinson) is involved only for failure to comply in full with the provision in the agreement under which Ferguson and Robinson were to deliver copies of specified documents concerning GeoStar, including all those made available to initial investors in GeoStar. The first two counts and most of count three are directed against Ferguson and/or Hayden.
GeoStar and Robinson filed their motion to dismiss for lack of personal jurisdiction and quash service. Their motion stated that both Robinson and GeoStar had been served at GeoStar corporate headquarters in Michigan. The motion further stated that for the court to have personal jurisdiction of GeoStar and Robinson, the requirements of both the Florida long-arm statute and the due process rights found in the United States Constitution must be satisfied. As to Robinson individually, the motion set forth that there must be proof that actions of Robinson used as the basis for jurisdiction of him must be shown to have been done for his own personal benefit. Any acts of his in Florida for GeoStar only were its acts, not his, and he would not be subject to Florida’s personal jurisdiction.
Affidavits in support of and in opposition to the motion were submitted to the court. *741 In Thomas Robinson’s affidavit, he averred that the corporation, GeoStar, is a Delaware corporation with headquarters and principal place of business in Michigan; that he is president and chairman of the board; that GeoStar’s records are all at the Michigan headquarters; that he took part in the discussions that led to the agreement; that GeoStar was to be involved only in paragraphs D, E, F and G, and that he refused to be a party to any of the other paragraphs. He further stated that he would never have joined in the agreement if paragraph L was to apply to GeoStar and if the language limiting GeoS-tar’s role to the above-mentioned paragraphs had not been stated in the agreement. He further stated he is a full time Michigan resident, has no temporary or permanent address in Florida, and has no position in any entity that is headquartered or has an office in Florida.
Robinson stated he has only infrequently been in Florida over the last four years, 3 to 4 times a year on the average. The trips involved were of short duration “and have been for business purposes completely unrelated to Mr Harris Weinstein or those companies in which Mr. Weinstein is the sole shareholder, director and officer.” He denied that GeoStar or he ever agreed to be sued in Florida or voluntarily accept service for any action commenced in Florida against GeoStar or him.
Robinson said that neither GeoStar nor any of its wholly owned subsidiaries conduct business in Florida or are licensed to do business here; nor do they own real or personal property or any other assets in Florida. He said they have no office or customers in Florida, and none of their records or other physical materials are located here.
Appellees countered with an affidavit of Harris L. Weinstein. In his affidavit Weinstein said that under the settlement agreement, moneys were to be paid to the plaintiffs; all payments were to be made in Palm Beach County; documents were to be furnished to the plaintiffs by the defendants, and plaintiffs have received payments and documents in Palm Beach County. He averred that GeoStar had not fulfilled all its obligations under the agreement. He said that all the parties to the agreement clearly understood that the agreement would be construed according to Florida law and that any litigation arising out of the agreement would take place in Palm Beach County, specifically, the state court. He further stated that the consideration for the agreement and the shares GeoStar was to deliver to him is recited in the agreement. He also said that the involvement and participation of Robinson and GeoStar in the agreement was a material inducement to the plaintiffs to enter into the agreement.
There is a two step inquiry for determining long-arm jurisdiction over a nonresident defendant. The court should first determine whether the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of Florida’s long-arm statute. Second, it should be determined whether sufficient minimum contacts exist between Florida and the defendant to satisfy the due process requirements perceived to be included in the Fourteenth Amendment. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 287, 100 S.Ct. 559, 562, 62 L.Ed.2d 490 (1980)(the most important factor is whether “the defendant’s conduct and connection with the forum are such that he should reasonably anticipate being haled into court there”).
In Washington Capital Corp. v. Milandco, Ltd., 695 So.2d 838 (Fla. 4th DCA 1997), this court held that if the allegations of the complaint are sufficient to establish Florida’s long-arm jurisdiction, the burden shifts to the defendant to contest jurisdiction by a legally sufficient affidavit or other similar sworn proof contesting the essential jurisdictional facts. The burden then returns to the plaintiff to refute by affidavit or other sworn statement the proof contained in the defendant’s affidavit. If the plaintiff fails to refute the *742 allegations of the defendant’s affidavit, the motion to dismiss must be granted, provided the defendant’s affidavit contested the long-arm jurisdiction by legally sufficient facts. Id. at 841; Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989); Une Ardco, Inc. v. Luckner, 685 So.2d 29, 30 (Fla. 4th DCA 1996); Lampe v. Hoyne, 652 So.2d 424, 425 (Fla. 2d DCA 1995); Tobacco Merchants Ass’n of U.S. v. Broin, 657 So.2d 939, 941 n. 4 (Fla. 3d DCA 1995); Unger v. Publisher Entry Serv., Inc., 513 So.2d 674, 675 (Fla. 5th DCA 1987).
In Washington Capital, we further held that if there is no conflict between the parties’ affidavits as to essential jurisdictional fact, the trial court can resolve the jurisdiction issue on the basis of the affidavits, citing Venetian Salami, 554 So.2d at 502, Wellesley Income Ltd. Partnership IV v. Gemini Equities, Inc., 650 So.2d 1108, 1110 (Fla. 4th DCA 1995). If, however, any of the essential facts regarding the jurisdiction are in conflict, we opined, the trial court must conduct a limited .eviden-tiary hearing to resolve the disputed facts. Id. See Venetian Salami, 554 So.2d at 503; Gemini Equities, 650 So.2d at 1110; Core Indus., Inc. v. Agostinelli, 591 So.2d 207 (Fla. 4th DCA 1991).
In this case, neither the complaint 'filed nor the affidavit of Harris Weinstein form a sufficient basis for statutory long-arm jurisdiction over GeoStar Corporation or Thomas Robinson. Robinson, individually, is not a party to the contract on which plaintiffs rely, and Geostar’s limited duties to plaintiffs under the contract did not require activity in Florida. See, e.g., Hamilton v. Alexander Proudfoot Co. World Headquarters, 576 So.2d 1339 (Fla. 4th DCA 1991). We accordingly reverse for proceedings in accordance with this opinion.
REVERSED.
KLEIN and GROSS, JJ., concur.