576 So.2d 1339 (1991)
Stephen HAMILTON, Appellant,
v.
ALEXANDER PROUDFOOT COMPANY WORLD HEADQUARTERS, a Delaware Corporation and Its Affiliate, Alexander Proudfoot Company of Australia, a Swiss Gmbh, Appellees.
No. 90-0928.
District Court of Appeal of Florida, Fourth District.
March 27, 1991.
Rehearing Denied April 23, 1991.
Thomas D. DeCarlo of Edwards & Angell, Palm Beach, for appellant.
Gardner, Carton & Douglas, Chicago, and Kenneth W. Moffett of Roberts & Reynolds, P.A., West Palm Beach, for appellees.
DOWNEY, Judge.
This is an appeal from a non-final order denying appellant's motion to dismiss the cause for lack of personal jurisdiction.
The essential factual background necessary for resolution of the immediate controversy presented in this non-final appeal is that in 1985 appellant, Hamilton, a Tennessee resident, was employed by APC Skills Company (APC) and assigned to various projects in West Virginia, North Carolina, Georgia, and Canada. In January, 1987, Hamilton was advised that he was being transferred to The Institute for Management Improvement (IMI) and, on February 27, 1987, he executed an employment agreement with IMI and a second agreement with APC. Later in April, 1987, Hamilton was transferred by IMI to Sydney, Australia, where he has since resided and worked. Simultaneously with his transfer to Australia, Hamilton was apparently *1340 transferred from IMI to Alexander Proudfoot Company (APCO) an Illinois limited partnership. Around June or July 1987, APCO transferred him to Alexander Proudfoot Company World Headquarters, Inc. (Proudfoot). Hamilton testified that he was initially unaware of these transfers and did not sign a new employment agreement with Proudfoot. Though it is not essential to our resolution of the questions presented, and conclusions reached, we observe that Hamilton's services were assignable to affiliates and the evidence in the record indicates that Alexander Proudfoot Company World Headquarters, Inc., and the other companies by whom Hamilton had been employed were actually affiliated with one another. Finally, in May, 1989, Hamilton resigned his employment with appellee, Proudfoot, and began working for a competitor in Australia.
This suit was commenced by Proudfoot, alleging that Hamilton had breached his employment contract by failing to return confidential documents to Proudfoot as required by the contract. Jurisdiction was attempted over Hamilton by virtue of section 48.193(1)(a) and (g), Florida Statutes (1989). The latter subsection provides long-arm jurisdiction where a defendant breaches a contract in Florida by failing to perform acts required by the contract to be performed in Florida. Hamilton moved to dismiss or abate for lack of personal jurisdiction and to quash service of process, based on lack of statutory jurisdiction and on due process grounds under the state and federal constitutions. The trial court denied the motion to dismiss or quash and Hamilton has perfected this appeal.
The order appealed from does not specify the basis or grounds upon which the trial court relied to find personal jurisdiction. However, we glean from the transcript of the evidentiary hearing held to resolve the issue that the court declined to find jurisdiction based on section 48.193(1)(a), but did find jurisdiction supported by section 48.193(1)(g). Thus, the appellate points presented by Hamilton are: whether the trial court erred in finding the evidence sufficient to meet the requirements of subsection (1)(g) and constitutional due process.
Paraphrased, the pertinent part of section 48.193(1)(g), as it pertains to this case, states that any person who personally, or through an agent, breaches a contract in this state by failing to perform acts required by the contract to be performed in this state thereby submits himself to the jurisdiction of the courts of this state.
Proudfoot contends, and the trial court agreed, that Hamilton had violated his contract, which required that, upon termination of his employment he return all confidential materials and documents furnished by Proudfoot. However, it is our conclusion that the contract itself does not fall within the purview of section 48.193(1)(g), because there is no contractual requirement that any material be returned to Proudfoot in Florida. In a similar situation, the court in Vaughn v. AAA Employment, Inc., 511 So.2d 1045, 1046 (Fla. 2d DCA 1987), stated:
We point out that it must be the acts of the appellant described in the long-arm statute that confer the jurisdiction and decline to construe that statute as broadly as the appellee would wish. The fact that the contract states that upon dissolution that all books and records of the partnership are to be "turned over" to the appellee is, likewise, insufficient to show that the business is operated in Florida or that the appellant breached a contract in Florida by failing to perform acts required by the contract to be performed in Florida.
Thus, even if there were proof here of a breach of the contract by not returning materials to the employer, there was certainly no proof of a breach of the contract by not performing an act required to be performed in Florida. The contract simply contains no such mandate, but availability of subsection (1)(g) to obtain jurisdiction requires that there be a breach of an act required to be performed in this state.
The unequivocal testimony adduced by Hamilton at the evidentiary hearing was that he left all of the materials and documents furnished to him at the site of the *1341 respective projects where he last worked for Proudfoot. To contradict that testimony, Proudfoot submitted the deposition of a witness who testified she had seen some of the materials and documents in Hamilton's possession several months prior to his termination. We find this evidence insufficient to carry the day against Hamilton's testimony. Proudfoot also submitted the affidavit of a Mr. Smith, who was Hamilton's supervisor in Australia. This affidavit was not executed in accordance with the requirements of section 92.50(3), Florida Statutes (1989), pertaining to the taking of oaths, affidavits and acknowledgments in foreign countries and, thus, it was not competent evidence to support Proudfoot's contentions. We thus conclude that Proudfoot did not prove a case that fell within section 48.193(1)(g) and thus there was no statutory authority for personal jurisdiction under the long-arm statute.
In view of the foregoing, we need not consider the due process question presented, which involves the adequacy of the evidence to support the minimum contacts required for personal jurisdiction to attach. Without proving a breach of contract falling within subsection (1)(g), no case can be made out, even if there had been adequate minimum contacts. Nor do we need to resolve the controversy over whether Proudfoot actually had a contract with Hamilton due to the questionable assignability of a contract for personal services. Finally, without a subsection (1)(g) contract violation any contractual agreement between the parties to a forum selection clause, standing alone, is ineffective to support jurisdiction. McRae v. J.D./M.D., Inc., 511 So.2d 540 (Fla. 1987).
Accordingly, the order appealed from denying Hamilton's motion to dismiss is reversed.
STONE and GARRETT, JJ., concur.