## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2006-KA-01117-SCT

*STELLA SPANN*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/29/2006 |
| TRIAL JUDGE: | HON. SAMAC S. RICHARDSON |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WESLEY THOMAS EVANS |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: STEPHANIE BRELAND WOOD |
| DISTRICT ATTORNEY: | DAVID BYRD CLARK |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 12/06/2007 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DIAZ, P.J., EASLEY AND GRAVES, JJ.**

**DIAZ, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Stella Spann was convicted of selling a controlled substance under Mississippi Code

Section 41-29-139 (Rev. 2005) and sentenced to thirty years in custody, with fifteen years

to serve and five years supervised probation.  Aggrieved, she appeals her conviction and

sentence.

## FACTS

¶2.     On May 7, 2004, Mike Jernigan was working with the Brandon Police Department

as a paid confidential informant, and was instructed to go to Cherry Hill Lane and purchase

crack cocaine. Before going to Cherry Hill Lane, Jernigan met with three police officers who wired his car with audio and video surveillance and also put an audio recording device in his shirt pocket. Jernigan drove to Cherry Hill Lane, and Sergeant Martin Mann followed at a distance so he could observe any activity and hear the audio.

¶3. On Cherry Hill Lane, Willie Holmes approached Jernigan's car. When asked if he had any crack, Holmes said that he did not, but that Stella Spann would know where to find some. Jernigan and Holmes then drove to Spann's house. Jernigan gave Holmes $40, and Holmes retrieved Spann from her house. Holmes and Spann got into Spann's car, and they told Jernigan to follow. On the way, Spann's car ran out of gas, and Jernigan took Holmes to a gas station for more fuel. They returned to Spann's car, and Jernigan was told to wait at the gas station while Spann and Holmes drove off.

¶4. After roughly fifteen minutes, Spann and Holmes returned, positioning the car so that the drivers' sides were facing. Jernigan testified that he witnessed Spann give the drugs to Holmes. Spann then asked Jernigan if he would give her "a drop or anything for going through all this trouble to get this." Jernigan replied that he could not give her anything because the drugs where not his. Holmes then got out of the car and handed the crack cocaine to Jernigan. The entire package weighed 3.25 grams, and testing revealed that the cocaine base was 0.25 grams.

**ISSUES**

¶5. Spann argues that the trial court erred by (1) allowing the State to amend the indictment to reflect habitual offender status; (2) refusing to grant a directed verdict; (3)

2

refusing to allow the defense to present a witness; and (4) refusing to give a jury instruction on the lesser charge of possession.

## DISCUSSION

### I. Amending the Indictment.

¶6.     The defendant argues that the trial court erred in allowing the State to amend the indictment to charge her as a habitual offender.  While the trial court did allow the amendment, Spann was not sentenced as a habitual offender.  Therefore, this issue is moot.

### II. Sufficiency of the Evidence.

¶7.     When reviewing a case for sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Bush v. State*, 895 So. 2d 836, 843 (Miss. 2005) (quoting *Jackson v. Virginia*, 443 U.S. 307, 315, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)).  The evidence must show "beyond a reasonable doubt that accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction." *Bush*, 895 So. 2d at 843 (quoting *Carr v. State*, 208 So. 2d 886, 889 (Miss. 1968)).  Keeping in mind the reasonable doubt standard, if "reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions on every element of the offense," the evidence will be deemed to have been sufficient.  *Bush*, 895 So. 2d at 843  (quoting *Edwards v. State*, 469 So. 2d 68, 70 (Miss. 1985)).

¶8.     Spann argues that the evidence cannot support a conviction for the sale of a controlled substance, and at most, the evidence could only support a conviction for possession. Specifically, Spann argues that "[t]here was no evidence produced at trial that [she] ever exchanged money or transferred cocaine for money from Mike Jernigan."

¶9.     To prove sale of a controlled substance, the State need not prove that the defendant personally placed the substance in the hands of the buyer or that the defendant personally profited from its sale. *Sullivan v. State*, 749 So. 2d 983, 993 (Miss. 1999); *Turner v. State*, 576 So. 2d 1340 (Miss. 1990). As long as the jury is given a proper instruction on aiding and abetting, the State need only prove "substantial knowing participation in the consummation of a sale or in arranging for the sale." *Williams v. State*, 463 So. 2d 1064, 1066 (Miss. 1985). "Any person who is present at the commission of a criminal offense and aids, counsels, or encourages another in the commission of that offense is an 'aider and abettor' and is equally guilty with the principal offender." *Hoops v. State*, 681 So. 2d 521, 533 (Miss. 1996) (quoting *Sayles v. State*, 552 So. 2d 1383, 1389 (Miss.1989)).

¶10.    In the present case, the jury was given the exact aiding and abetting instruction which this Court adopted in *Milano v. State*, 790 So. 2d 179, 185 (Miss. 2001), and there was sufficient evidence that Spann knowingly participated in the sale.[1] It is uncontradicted that

_____

[1]The proper aiding and abetting instruction is as follows:

> The guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by that person through the direction of another person as his or her agent, by acting in concert with, or under the direction of, another person or persons in a joint effort or enterprise.

4

Spann had possession of the crack cocaine, that she handed the drugs to Holmes, who then gave them to Jernigan, and that she asked Jernigan if she could have a "drop" for "going through all that trouble." Because she substantially and knowingly participated in the sale, it does not matter that she did not personally hand the drugs to Jernigan or receive any compensation. There was sufficient evidence to support a finding that Spann aided and abetted the sale, and therefore to render her liable as a principal. Therefore, this issue is without merit.

**III. Witness.**

¶11. Spann also argues that the trial court erred by refusing to allow testimony from a defense witness. The standard of review governing the admissibility of evidence is whether the trial court abused its discretion. *Peterson v. State*, 671 So. 2d 647, 655 (Miss.1996)

---

> If another person is acting under the direction of the defendant or if the defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.
>
> Before any defendant may be held criminally responsible for the acts of others it is necessary that the accused deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime.
>
> Of course, mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.
>
> In other words, you may not find any defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.

*Milano*, 790 So. 2d at 185 (Miss. 2001) (quoting Fifth Cir. Pattern Jury Instructions (Criminal) 2.06 (Aiding and Abetting) (Agency) (1998)).

(citing *Baine v. State*, 606 So. 2d 1076, 1078 (Miss. 1992); *Wade v. State*, 583 So. 2d 965, 967 (Miss. 1991)). This Court must first determine if the proper legal standards were applied. *Peterson*, 671 So. 2d at 655-56 (citing *Baine*, 606 So. 2d at 1078). If the trial court incorrectly applied the rules of evidence, resulting in prejudice to the accused, then a reversal is warranted. *Peterson*, 671 So. 2d at 656 (citing *Parker v. State*, 606 So. 2d 1132, 1137-1138 (Miss. 1992)).

¶12. On cross-examination, Jernigan denied knowing Spann prior to the day in question, and also denied smoking crack cocaine with her and a woman named Mary Reed. Spann argues that the trial court committed reversible error by refusing to allow testimony from Reed that she had previously consumed drugs with Jernigan and the defendant. Spann argued at trial that the testimony was admissible under Mississippi Rule of Evidence 608(b) to contradict Jernigan's claim that he had never met Spann. The trial judge refused to allow the testimony because: (1) the State was unfairly surprised as the witness was not produced until the morning of trial; (2) the testimony concerned a collateral matter and was not probative of truthfulness; and (3) the defense could not prove specific instances of conduct with extrinsic evidence.

¶13. On appeal, the defendant argues that the evidence was admissible under Mississippi Rules of Evidence 608(b) and 616. Rule 608(b) provides:

> ***Specific instances of the conduct of a witness***, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in rule 609, ***may not be proved by extrinsic evidence***. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or

6

untruthfulness of another witness as to which character the witness being cross-examined has testified.

(emphasis supplied). The rule clearly states that specific instances of conduct "may not be proved by extrinsic evidence." Reed's testimony was extrinsic evidence of prior conduct, which is prohibited under this rule.

¶14.    This Court examined a similar argument in *Pinson v. State*, 518 So. 2d 1220, 1223 (Miss. 1998). Pinson was convicted of rape, and the victim's husband testified that his marriage had broken up because of the attack and that he had not been involved with another woman. *Id.* Pinson attempted to present a witness who would testify that the husband was, in fact, living with another woman. *Id.* The trial court refused to allow the testimony, and this Court affirmed, holding that "[s]pecific instances of conduct under our Rules of Evidence may not be proved by extrinsic evidence for impeachment purposes; they may only be inquired about on cross-examination." *Id.* In the present case, defense counsel cross-examined Jernigan about his prior drug use with the defendant, and the defendant denied the prior conduct. Accordingly, the evidence was inadmissible as extrinsic evidence under Rule 608(b).

¶15.    Spann also argues on appeal that the evidence was relevant to prove Jernigan's "bias, prejudice, or interest" against her under Mississippi Rule of Evidence 616. However, because this issue was not raised at trial, and because Spann does not argue that plain error applies, this issue does not require examination. *See Flowers v. State*, 947 So. 2d 910, 927 (Miss. 2007) (recognizing that issues not presented to the trial judge are procedurally barred, but when substantial rights are affected, this Court will review the issue under "plain error").

7

¶16.    For the foregoing reasons, the trial judge did not err in refusing Reed's testimony.

**IV. Lesser-included Offense.**

¶17.    Spann argues that she was entitled to a jury instruction setting forth the lesser-included offense of possession.  On review, "[j]ury instructions are to be read together and taken as a whole with no one instruction taken out of context." ***Austin v. State***, 784 So. 2d 186, 192 (Miss. 2001).  "A defendant is entitled to have jury instructions given which present his theory of the case, however, this entitlement is limited in that the court may refuse an instruction which incorrectly states the law, is covered fairly elsewhere in the instructions, or is without foundation in the evidence." ***Howell v. State***, 860 So. 2d 704, 745 (Miss. 2003) (citing ***Heidel v. State***, 587 So. 2d 835, 842 (Miss. 1991)).  "We will not find reversible error 'where the instructions actually given, when read together as a whole,' fairly announce the law of the case and create no injustice.'" ***Adkins v. Sanders***, 871 So. 2d 732, 736 (Miss. 2004) (quoting ***Coleman v. State***, 697 So. 2d 777, 782 (Miss. 1997)).

¶18.    When reviewing the denial of a lesser-included offense instruction, this Court "[takes] the evidence in the light most favorable to the accused and consider[s] all reasonable favorable inferences which may be drawn in favor of the accused from the evidence." ***Ormond v. State***, 599 So. 2d 951, 961 (Miss. 1992) (quoting ***Mease v. State***, 539 So. 2d 1324, 1330 (Miss. 1989)).  To be entitled to a lesser-included offense instruction, Spann must point to evidence from which a jury could reasonably find her not guilty of selling a controlled substance and at the same time find her guilty of possession. ***Ladnier v. State***, 878 So. 2d 926, 932 (Miss. 2004) (citing ***Toliver v. State***, 600 So. 2d 186, 192 (Miss. 1992)).  Furthermore, "[o]nly where the evidence could *only* justify a conviction of the principal

charge should a lesser offense instruction be refused." *Mease*, 539 So. 2d at 1330 (emphasis in original) (citations omitted).

¶19.    The defendant argues that the jury could have found her guilty of possession because she momentarily possessed the drugs. This Court has held "the mere fact that one must possess a controlled substance before they can sell it is not enough to require a lesser included offense instruction." *Reynolds v. State*, 658 So. 2d 852, 856 (Miss. 1995). Spann cannot point to any other evidence that would support a conviction for possession. Moreover, the evidence can warrant only a conviction for aiding and abetting the sale of a controlled substance. The evidence shows that Spann substantially and knowingly participated in the sale, and no reasonable juror could have found that Spann merely possessed the crack cocaine. Accordingly, the trial court did not err in refusing the lesser-included offense instruction.

## CONCLUSION

¶20.    This Court finds that the trial court did not err by refusing a directed verdict, by excluding improper impeachment testimony, or by refusing a lesser-included offense instruction. The conviction and sentence are therefore affirmed.

¶21. **CONVICTION OF SALE OF COCAINE, A SCHEDULE II CONTROLLED SUBSTANCE, AND SENTENCE OF THIRTY (30) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FIFTEEN (15) YEARS TO SERVE AND FIVE (5) YEARS ON POST-RELEASE SUPERVISION, WITH CONDITIONS, AFFIRMED.**

**SMITH, C.J., WALLER, P.J., EASLEY, CARLSON, GRAVES, DICKINSON, RANDOLPH AND LAMAR, JJ., CONCUR.**

9