ROBERTS, J.,
for the Court.
¶ 1. A jury sitting before the Chickasaw County Circuit Court found Calvin Baskin guilty of selling cocaine. The circuit court sentenced Baskin to twenty years with five years suspended and fifteen years to serve in the custody of the Mississippi Department of Corrections. He appeals asserting two issues: (1) the circuit court erred in denying his motion to suppress the use of video/audio evidence of the sale of the cocaine, and (2) the circuit court erred in denying his motion to dismiss and his motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial. Finding no error, we affirm.
STATEMENT OF FACTS
¶ 2. On November 15, 2007, Agents Michael Fowler and Al Fallin, with the North Mississippi Narcotics Task Force, met with a confidential informant, William Pickens, to arrange a controlled purchase of illegal drugs from Korbin Pickens. William and Korbin are cousins. Agents Fowler and Fallin searched William’s person and vehicle and then gave him $120 with which to purchase cocaine. William was also equipped with an audio-visual recording device. William drove to Korbin’s house, where he learned that Korbin did not have any drugs to sell. However, Kor-bin telephoned Baskin, and the two cousins, William and Korbin, then drove to Baskin’s home. They were accompanied by two other individuals who were not involved with Baskin’s trial. The videotape showed William picking up a package from a countertop, which was later tested and shown to contain cocaine, and it also showed William giving Baskin a hundred dollar bill, after which Baskin left the room. The videotape showed that when Baskin returned, Baskin gave fifty dollars change to William. However, the videotape did not show an actual transfer of drugs from Baskin to William. Nor did the audiotape reveal any comment by Bas-kin that he had sold drugs to William or anyone else. At trial, Baskin testified that *961 it was actually Korbin who had sold the drugs to William. Baskin testified that Korbin had tricked William into thinking that Baskin was the seller, and in fact, Korbin had the cocaine with him when he came to Baskin’s home, and the fifty dollars he gave to William was really money he was loaning to Korbin to complete the ruse that hid the fact that Korbin was actually the seller. Conversely, William testified that at Baskin’s home, Baskin sold $50 worth of crack cocaine to him and gave him $50 change from a one hundred dollar bill.
¶ 3. William and Korbin then left Bas-kin’s home, and eventually Baskin met with Agents Fowler and Fallin and gave the cocaine and remaining money to them. Baskin and Korbin were indicted jointly for sale of cocaine. However, Korbin jumped his bond and absented himself so as to be unavailable for trial. Therefore, the circuit court was effectively required to sever the indictment, and Baskin was tried alone.
ANALYSIS
1. MOTION TO SUPPRESS
¶ 4. The well-settled standard of review for the admission or exclusion of evidence is abuse of discretion. Troupe v. McAuley, 955 So.2d 848, 855(1119) (Miss.2007) (citing Poole ex rel. Poole v. Avara, 908 So.2d 716, 721(¶8) (Miss.2005)). “A trial judge enjoys a great deal of discretion as to the relevancy and admissibility of evidence. Unless the judge abuses this discretion so as to be prejudicial to the accused, the Court will not reverse this ruling.” Shaw v. State, 915 So.2d 442, 445(¶ 8) (Miss.2005).
¶ 5. Baskin moved that the evidence of the audio-visual recording be suppressed because Korbin was unavailable to be cross-examined as to statements that he made during the transaction. In Brown v. State, 969 So.2d 855 (Miss.2007), the supreme court took up a similar issue. In that case, Derrick Brown contended an audiotape made prior to a drug transaction was inadmissible hearsay because some of the people speaking on the audiotape were not identified, so they were not available for trial and cross-examination as to the veracity of their recorded statements. Id. at 861 (¶ 16). The Brown court held that the audiotape was admissible, and that the Confrontation Clause of Sixth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution of 1890, were not implicated because none of the statements of unidentified people tended to prove Brown’s guilt. Brown, 969 So.2d at 862(¶ 21). Similarly, in this case the audiovisual tape was' used to add credibility, to William’s testimony that Baskin had sold the cocaine. Korbin’s testimony was not needed to prove any elements of the offense or any fact that implicated Baskin in any way. In fact, in his brief Baskin does not identify any statement made by Korbin that implicated him. The reality of Baskin’s argument is that he was prejudiced by Korbin’s absence because, as the State admits, Korbin was a well-known drug dealer, and Baskin was not the initial subject of the drug task force’s investigation. That is, Korbin was more of a “bad actor” than was Baskin, who claims to be guilty of nothing more than being a drug addict. However, it was not the State’s duty to produce Korbin to aid the defense. Rather, the State’s duty was to put forth the witnesses who testified as to the elements of the crime. See, e.g., id. at 864(¶ 22). That person was William, and Baskin vigorously cross-examined him. Therefore, the circuit court did not err in denying the motion to suppress; accordingly, there is no merit to this assignment of error.
*962 2. MOTION FOR A JNOV OR, IN THE ALTERNATIVE, A NEW TRIAL
A. LEGAL SUFFICIENCY OF THE EVIDENCE
¶ 6. “In a criminal proceeding, motions for a directed verdict and [a JNOV] challenge the legal sufficiency of the evidence supporting the guilty verdict.” Croft v. State, 992 So.2d 1151, 1157(¶24) (Miss.2008). Because a motion for a directed verdict and a motion for a JNOV both require consideration of the evidence before the trial court when the decision to grant or deny was made, this Court only reviews the ruling on the last occasion that the challenge was made. Id. (citing McClain v. State, 625 So.2d 774, 778 (Miss.1993)). The last challenge to the sufficiency of the evidence was Baskin’s motion for a JNOV. When reviewing the denial of a motion for a JNOV, “all of the evidence on behalf of the [S]tate must be taken as true, together with any reasonable inferences, and, if there is sufficient evidence to support a verdict of guilty, the motion for a directed verdict must be overruled.” Gibson v. State, 503 So.2d 230, 232 (Miss.1987).
¶ 7. Moreover, “[t]o prove sale of a controlled substance, the State need not prove that the defendant personally placed the substance in the hands of the buyer or that the defendant personally profited from its sale. Sullivan v. State, 749 So.2d 983, 993(¶ 27) (Miss.1999); Turner v. State, 573 So.2d 1340 (Miss.1990). As long as the jury is given a proper instruction on aiding and abetting, the State need only prove ‘substantial knowing participation in the consummation of a sale or in arranging for the sale.’ ” Spann v. State, 970 So.2d 135, 137-38(¶ 9) (Miss.2007) (quoting Williams v. State, 463 So.2d 1064, 1066 (Miss.1985)). In this case, the jury was properly instructed.
¶ 8. Both the State and Baskin put forth testimony that tended to explain the actions taken and statements made by William and Baskin on the audio-video evidence. The jury found William’s explanation more credible than Baskin’s. No element of the crime lacked proof. We cannot say there was insufficient evidence to sustain the verdict. We find that the circuit court did not err in denying either the motion for a directed verdict or the motion for a JNOV.
B. WEIGHT OF THE EVIDENCE
¶ 9. “When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.” Bush v. State, 895 So.2d 836, 844(¶ 18) (Miss.2005). When reviewing the weight of the evidence, this Court sits as a “thirteenth juror.” Id. However, the evidence must be weighed in the light most favorable to the verdict, and such motions are granted only in exceptional instances. Id.
¶ 10. As discussed previously, the jury in this case was given two explanations as to what the jury viewed on the videotape and heard on the audiotape. The jury accepted the version it found most credible. We find the circuit court did not err in denying the motion for a new trial, and there is no merit to this assignment of error.
¶11. THE JUDGMENT OF THE CHICKASAW COUNTY CIRCUIT COURT OF CONVICTION OF SALE OF COCAINE AND SENTENCE OF TWENTY YEARS, WITH FIVE YEARS SUSPENDED AND FIFTEEN YEARS TO SERVE, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF *963 CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, CARLTON AND MAXWELL, JJ., CONCUR.