CIKLIN, J.
 

 We reverse the circuit court’s order denying defendants’, Cory Biloki, Curtis Biloki, and Brotts, Inc., motion to dismiss for lack of personal jurisdiction. We hold that Majestic Greeting Card Co., Inc. has not established personal jurisdiction under Florida’s long arm statute or otherwise shown that the defendants had sufficient minimum contacts such that Majestic could maintain its Florida lawsuit against the defendants.
 

 Majestic, the plaintiff below, is a Florida corporation engaged in the business of creating, manufacturing, selling, and distributing greeting cards and related products. The Bilokis are North Dakota residents who, through their Minnesota corporate entity, Brotts, distributed greeting cards and related products to customers in the five Midwestern states.
 

 The parties first met during a Las Vegas trade show in 2007. Following the trade show, the parties engaged in discussions surrounding Majestic’s desired acquisition of Brotts’ Midwestern inventory and accounts. In February of 2008, the Bilokis traveled to Majestic’s facility in Florida and spent three days there to conclude the sale. During that three day period, the Bilokis signed a purchase agreement, wherein they sold the business assets of Brotts to Majestic, and entered into employment agreements with Majestic, all to be effective March 1, 2008. Subsequently, the relationship deteriorated and Majestic filed a complaint, alleging breach of the purchase and employment agreements based primarily on Majestic’s contention that the Bilokis were competing with Majestic in the Midwest under a new name.
 

 In its amended verified complaint in which it sought injunctive relief and money damages, Majestic alleged numerous factors in support of personal jurisdiction in Florida, summarized as follows:
 

 1. Employment agreements
 

 a) The Bilokis signed employment agreements in Florida and became Majestic employees conducting business in the Midwest.
 

 
 *818
 
 b) Non-compete clauses prevented the Bilokis from engaging in outside business.
 

 c) Other clauses prevented the disclosure and use of confidential and proprietary information.
 

 d) A forum selection clause designated Palm Beach County as “the proper jurisdiction and venue for any controversy or claim ...”
 

 2. Purchase agreement
 

 a) The Bilokis signed the purchase agreement in Florida.
 

 b) The Bilokis agreed to and delivered “plan-o-grams”
 
 [1]
 
 to Majestic in Florida.
 

 3. The Bilokis traveled to Majestic’s production and shipping facility in Florida for the purpose of conducting the sale of their business, executing the purchase agreement and employment agreements, and to learn Majestic’s policies and procedures. The Bilokis spent three days at this facility.
 

 4. The Bilokis submitted customer orders from the Midwest to be filled at Majestic’s warehouse facility in Florida.
 

 a) Customer payments were delivered from the customer to Majestic in Florida or to the Bilokis, who would then remit the payments to Majestic in Florida.
 

 5. The Bilokis breached their contract with Majestic by competing with them in the Midwest under the name of “Card Brokers,” violating the non-competition provision of the employment agreement, and using confidential and proprietary information gained from Majestic in violation of the non-disclosure clause.
 

 The Bilokis and Brotts filed a motion to dismiss Majestic’s amended verified complaint for lack of personal jurisdiction. The motion was supported by affidavits from both Cory and Curtis Biloki, summarized as follows:
 

 1. The Bilokis have never lived, worked, or conducted business in Florida. Apart from a single trip to tour Majestic’s facility, learn Majestic’s order fulfillment procedures, and execute a one page purchase agreement, neither has ever traveled to Florida.
 

 2. The Bilokis maintained their own office in North Dakota and received no training, direction, business, technical, or other support from Majestic.
 

 8. The only daily contact the Bilokis had with Majestic was faxing orders to Majestic from the Biloki’s Midwestern customers.
 

 4. Neither of the Bilokis believe they signed the employment agreements dated March 1, 2008. The only document they admit to signing was the purchase agreement on February 18, 2008.
 

 5. Neither of the Bilokis have been paid by Majestic for the work they have done.
 

 After a hearing, the trial court found that Majestic met its burden to establish personal jurisdiction over the three defendants in Florida and denied the defendants’ motion to dismiss. This appeal follows.
 

 Two-Pronged Analysis to Determine If Personal Jurisdiction Exists Over Nonresidents
 

 There is a two-step inquiry for determining whether a Florida court has
 
 *819
 
 personal jurisdiction over a nonresident.
 
 Venetian Salami Co. v. Parthenais,
 
 554 So.2d 499, 502 (Fla.1989). First, it must be determined whether the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of Florida’s long arm statute, section 48.198.
 
 Id.
 
 If so, then secondly, it must be determined whether there are sufficient “minimum contacts” to satisfy due process requirements under Federal constitutional law.
 
 Id.
 
 “Both parts must be satisfied for a court to exercise personal jurisdiction over a non-resident defendant.”
 
 Am. Fin. Trading Corp. v. Bauer,
 
 828 So.2d 1071, 1074 (Fla. 4th DCA 2002). At the trial level
 

 The initial burden falls on the plaintiff to plead the basis for service under the long-arm statute. The plaintiff may satisfy this initial burden either by alleging the language of the statute without pleading supporting facts, or by alleging specific facts that indicate that the defendant’s actions fit within one of the sections of Florida’s long arm statute, section 48.193.
 

 Additionally, “a defendant wishing to contest the allegations of the complaint concerning jurisdiction or to raise a contention of minimum contacts must file affidavits in support of his position.” If a defendant submits such an affidavit, then the burden shifts back to plaintiff to submit affidavits establishing the basis for jurisdiction.
 

 Becker v. Hooshmand,
 
 841 So.2d 561, 562 (Fla. 4th DCA 2003) (citations omitted).
 

 Step 1: Florida’s Long Arm Statute
 

 Majestic asserted jurisdiction on two long arm statutory grounds: section 48.193(l)(g) and section 48.193(2), Florida Statutes, (2009).
 

 Section 48.193(l)(g), Fla. Stat., provides:
 

 (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
 

 (g) Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.
 

 Section 48.193(2), Fla. Stat., provides:
 

 (2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.
 

 14.8.193(1) (g)
 
 — Breach
 
 of Contract
 

 Section 48.193(l)(g), Fla. Stat., provides for jurisdiction if a contract is breached by the failure to perform what is required by the contract in Florida. Majestic relies upon the forum selection clause and the breach of the non-compete clauses in the employment agreements in its attempt to establish jurisdiction under section 48.193(l)(g).
 

 Florida courts have found that “a forum selection clause, designating Florida as the forum, cannot operate as the sole basis for Florida to exercise personal jurisdiction over an objecting non-resident defendant.”
 
 McRae v. J.D./M.D., Inc.,
 
 511 So.2d 540, 542, (Fla.1987). The “availability of subsection (l)(g) to obtain jurisdiction requires that there be a breach of an act required to be performed in this state.”
 
 Hamilton v. Alexander Proudfoot Co.
 
 
 *820
 

 World Headquarters,
 
 576 So.2d 1339, 1340 (Fla. 4th DCA 1991).
 

 Majestic’s amended verified complaint alleged only that the Bilokis breached the non-compete portion of their employment agreements by soliciting customers outside of Florida. Majestic did not allege nor did it establish record evidence that the Bilok-is were to perform or failed to perform any acts in Florida, thereby constituting a breach of any of the agreements entered into between the parties.
 
 See KVAR Energy Sav., Inc. v. Tri-State Energy Solutions, LLP,
 
 No. 6:08-cv-85-Orl-19KRS, 2009 WL 103645, *13 (M.D.Fla. Jan. 15, 2009) (Delaware company signed contract in Florida to sell plaintiffs products in Delaware. Complaint filed for breach of non-competition provision where defendant Delaware company sold products under its own name in Delaware. Reviewing court found the argument foreclosed “by the statutory language [in section 48.193(l)(g) ] explicitly requiring contractual performance
 
 in Florida.”).
 

 Subsection (l)(g) has no application in this matter.
 

 4-8.193 (2)
 
 — General
 
 Jurisdiction/Substantial Activity
 

 Section 48.193(2), Fla. Stat., is the general jurisdiction statute in Florida. That statute provides that a nonresident defendant who is “engaged in substantial and not isolated activity within this state ... is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.” This standard has been interpreted by Florida courts to require a “showing of ‘continuous and systematic general business contacts’ with the forum state.”
 
 Carib-USA Ship Lines Bahamas Ltd. v. Dorsett,
 
 935 So.2d 1272, 1275 (Fla. 4th DCA 2006) (quoting
 
 Helicopteros Nacionales de Colombia, S.A. v. Hall,
 
 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)). Florida courts have “found continuous and systematic general business contacts,”
 
 Helicopteros,
 
 466 U.S. at 416, 104 S.Ct. 1868, “where a nonresident defendant’s activities are extensive and pervasive, in that a significant portion of the defendant’s business operations or revenue derived from established commercial relationships in the state. Such contacts have also been found where the defendant continuously solicits and procures substantial sales in Florida.”
 
 Trs. of Columbia Univ. v. Ocean World, S.A.,
 
 12 So.3d 788, 793 (Fla. 4th DCA 2009). “General jurisdiction requires far more wide-ranging contacts with the forum state than specific jurisdiction, and it is thus more difficult to establish.”
 
 Canale v. Rubin,
 
 20 So.3d 463, 466 (Fla. 2d DCA 2009). “One reason for requiring a more rigorous showing to establish general jurisdiction is because jurisdiction under section 48.193(2) does not require that a lawsuit’s cause of action arise from activity within Florida, or that there be any connection between the claim and the defendant’s Florida activities.”
 
 Trs. of Columbia,
 
 12 So.3d at 792.
 

 Majestic maintains that the Bilokis engaged in a general course of business activity in Florida for pecuniary gain, pursuant to their several written contracts with Majestic, that was continuous and ongoing from December 2007 to June 2009. In support of that notion, Majestic asserts that there was daily contact with Majestic’s Florida warehouse through the transmission of orders from the Biloki’s Midwest customers. In fact, sales were completed through shipments from Majestic’s Florida warehouse and payments for the goods shipped were received by Majestic in Florida. While all of these facts may be true, they are simply insufficient to establish “substantial activity” within the State of Florida such that the Bilokis and Brotts purposefully or knowingly
 
 *821
 
 could reasonably anticipate being haled into a Florida court.
 

 In determining general jurisdiction, “it must be the acts of the ... [party objecting to jurisdiction] described in the long-arm statute that confer the jurisdiction.”
 
 Vaughn v. AAA Employment, Inc.,
 
 511 So.2d 1045, 1046 (Fla. 2d DCA 1987). There needs to be more than a contractual relationship for general jurisdiction to apply between an out-of-state employee and Florida employer.
 
 See Mold,-Ex, Inc. v. Mich. Tech. Reps., Inc.,
 
 No. 304CV307MCRMD, 2005 WL 2416824, *5 (N.D.Fla. Sept. 30, 2005) (“MTR’s only contact with the State of Florida was its long-term contractual relationship (entered into out of state) with a Florida plaintiff which required it to find buyers for the plaintiff in markets other than Florida and to service those out of state relationships from Michigan. These contacts are far too attenuated to support a finding of continuous and systematic contacts with the State of Florida under § 48.193(2).”);
 
 Achievers Unlimited, Inc. v. Nutri Herb, Inc.,
 
 710 So.2d 716, 720 (Fla. 4th DCA 1998) (general personal jurisdiction found over a defendant who had a three-year distribution relationship with a Florida Corporation, consistently ordered one or two cases of product per month, and became a distributor for another company located in Florida).
 

 Here, the Bilokis’ contact with Florida was limited to the submission of greeting card orders to Majestic’s Florida warehouse for shipment to Midwestern customers. The only time the Bilokis had been to Florida was for three days to tour Majestic’s facility, learn order fulfillment procedures, and execute documents related to the sale.
 

 These facts do not provide evidence of “substantial” activity within Florida to satisfy jurisdiction pursuant to subsection (2).
 

 Step 2: Sufficient Minimum Contacts
 

 Under the due process clause, individuals may be haled into a jurisdiction in which they have “purposefully avail[ed]” themselves.
 
 Burger King Corp. v. Rudzewicz,
 
 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). This means that the defendant has deliberately engaged “in significant activities within a state or has created ‘continuing obligations’ between himself and residents of the forum.”
 
 Id.
 
 at 475-76 (citations omitted). The test for “minimum contacts” thus hinges on whether “defendant’s conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.”
 
 World-Wide Volkswagen Corp. v. Woodson,
 
 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).
 

 In order for a nonresident defendant to anticipate being haled into a Florida court, it is essential that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within Florida, thus invoking the benefits and protections of its laws.
 
 Burger King Corp.,
 
 471 U.S. at 474-75, 105 S.Ct. 2174.
 

 Like the analysis required in connection with section 48.193(2), there simply was not enough participation within or with Florida by the appellants to constitute sufficient minimum contacts for jurisdiction.
 
 See SDM Corp. v. Kevco Fin. Corp.,
 
 540 So.2d 931, 932 (Fla. 2d DCA 1989) (“An out-of-state party’s contract with a Florida resident alone ... is insufficient to establish minimum contacts.”).
 

 Conclusion
 

 We reverse and remand with instructions to enter an order granting the motion to dismiss Majestic’s complaint.
 

 
 *822
 

 Reversed and, remanded with instructions.
 

 GROSS, C.J., and FARMER, J., concur.
 

 [1]
 

 . A "plan-o-gram” is a graphic representation of a retail greeting card sales rack and the cards and categories displayed for sale therein.